UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTHONY J. COURTNEY, | ) |
| | ) |
|     Plaintiff. | ) |
| v. | ) CAUSE NO: 3:23-cv-0571 |
| | ) |
| NORFOLK SOUTHERN CORP. | ) |
| | ) |
|     Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. Nature of the Case.**

Plaintiff, Anthony J. Courtney ("Courtney" and/or "Plaintiff"), brings this action against Defendant, Norfolk Southern Corporation ("Defendant") pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et. seq*. ("Title VII"), as well as the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), alleging discrimination on the basis of race and retaliation.

**II. Parties.**

1. Courtney, at all times relevant to this action, worked within the geographical boundaries of the Northern District of Indiana, South Bend Division.

2. Defendant resides and/or maintains one or more offices in and conducted business in the Northern District of Indiana, South Bend Division, at all relevant times.

**III. Jurisdiction and Venue.**

3. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

4. Courtney is an "employee" within the meaning of 42 U.S.C. § 2000e(f).

5. Courtney satisfied his obligation, if any, to exhaust his administrative remedies. Having timely filed a charge with the United States Equal Employment Opportunity Commission

("EEOC") and after receiving his Notice of Suit Rights, Courtney brings this original action within ninety (90) days of his receipt thereof.

6. Courtney is a "person" under 42 U.S.C. § 1981.

7. Courtney held an employment relationship with Defendant under 42 U.S.C. § 1981.

8. Courtney's employment relationship was contractual in nature under 42 U.S.C. § 1981.

9. Federal question jurisdiction is conferred on this Court by 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 1981, 28 U.S.C. § 1343(a)(4), and 28 U.S.C. § 1331.

10. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Northern District of Indiana, South Bend Division. Thus, venue is proper in this Court.

### IV.  Factual Allegations

11. Courtney, an African American, commenced his employment with Defendant on or about January 4, 2021.

12. At all relevant times, Courtney worked out of the Elkhart, Indiana location and held the position of Terminal Manager/Trainmaster.

13. Throughout his employment, Courtney met and/or exceeded the legitimate and reasonable expectations associated with his employment.  By way of example and not limitation, Defendant never formally or progressively disciplined Courtney (aside from a letter of caution) prior to his termination of employment.

14. On or about January 11, 2022, Defendant placed Courtney on suspension/indefinite administrative leave based on the false allegation that he was

insubordinate.  On or about January 12, 2022, Courtney complained to Susan Decker, Senior EEO Officer, that he felt like he was being discriminated against by Ryan Ernst (Caucasian), Assistant Superintendent, and John Pratt (Caucasian), Superintendent, and he thought this possibly had to do with him being black because John Pratt has had previous issues with people of color.

15. Upon information and belief, Ernst has made racially biased comments against African Americans while at work.

16. On or about January 19, 2022, Courtney submitted a written complaint to Decker wherein. He stated, in part, "[f]or the last two months I have been harassed, singled out and treated unfairly by Mr. Ernst and Mr. Pratt . . . [n]o other manager has ever been put on administrative leave for addressing a safety concern with their superior . . . I am asking that you please speak with all the Trainmaster[s] that work at Elkhart, especially the ones who work on my shift.  I'm sure they will back up my claims." The other managers referenced by Courtney are all Caucasian.

17. Courtney engaged in statutorily protected activity under Title VII and Section 1981 on or about January 12, 2022, and January 19, 2022.

18. In response to this statutorily protected conduct, Defendant had an accused bad actor, Pratt, interview at least one witness with respect to Courtney's complaints, in spite of his conflict of interest.  Upon information and belief, at least two (2) witnesses did verify that Courtney was being subjected to less favorable terms, conditions, and privileges of employment compared to other Terminal Managers/Trainmasters.  Nevertheless, Defendant claimed that it could not substantiate Courtney's allegations.

19. On or about February 14, 2022, Defendant reinstated Courtney from his

administrative leave. Notably, Defendant did not formally discipline Courtney at the end of its investigation because Defendant concluded that the allegations of insubordination against him were unfounded. Upon information and belief, Ernst was not disciplined for making unfounded allegations of insubordination against Courtney.

20. On or about March 24, 2022, Defendant issued Courtney a belated performance evaluation. As a result of this evaluation, Courtney did not receive a merit pay increase. Courtney objected to the belated evaluation and complained, in part, that he "continue[d] to experience inconsistency and a harsher approach by upper management when dealing with [him] versus other managers at Elkhart." The other managers referenced here are all Caucasian.

21. Courtney engaged in statutorily protected activity under Title VII and Section 1981 in his objection to the March 24, 2022, evaluation.

22. In or around May of 2022, Defendant re-opened its investigation into Courtney's original complaint dated January 19, 2022. Upon information and belief, Defendant re-opened this investigation due to Pratt, the investigator, having a conflict of interest. During the re-opened investigation, Defendant failed to interview all relevant witnesses.

23. When Defendant informed Courtney that his claims were again not substantiated, Courtney verbally spoke with Vanessa Ennis, Human Resources, wherein he alleged that he believed he was being accused of wrongdoing because he was a black male and Ryan [Ernst] does not like him because of his race and the amount of money he makes.

24. Courtney engaged in statutorily protected activity under Title VII and Section 1981 in May of 2022 when speaking with Ennis.

25. On or about July 8, 2022, Defendant terminated the employment of Courtney.

26. Defendant's alleged reason for the termination is pretextual. Defendant

terminated Courtney because of his race and/or statutorily protected activity.

27. Similarly situated Caucasian employees, who have not complained of race discrimination, have engaged in comparable conduct yet were treated more favorably, and not terminated, under comparable circumstances. This includes, but is not limited to, Ryan Ernst, John Pratt, Ryan Norberg, Jason Hinkle, Chris Varner, and Jason Cowgill.

28. Courtney has been and continues to be injured and harmed by Defendant's discriminatory, retaliatory, and unlawful actions.

### V. Legal Causes of Action

#### COUNT I – RACE DISCRIMINATION–TITLE VII

29. Plaintiff hereby incorporates paragraphs one (1) through twenty-eight (28) of his Complaint herein.

30. Defendant terminated the employment of Courtney because of his race, African American.

31. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's legally protected rights under Title VII.

32. Courtney has suffered damages as a result of this unlawful conduct.

#### COUNT II – RETALIATION – TITLE VII

33. Plaintiff hereby incorporates paragraphs one (1) through thirty-two (32) of his Complaint herein.

34. Courtney engaged in protected activity under Title VII.

35. Defendant terminated the employment of Courtney in retaliation for his protected activity.

36. Defendant's actions were intentional, willful, and done in reckless disregard of

Plaintiff's rights.

37. Plaintiff has suffered damages as a result of Defendant's unlawful conduct.

### COUNT III – 42 U.S.C. § 1981- RACE DISCRIMINATION

38. Plaintiff hereby incorporates paragraphs one (1) through thirty-seven (37) of his Complaint herein.

39. Defendant terminated the employment of Courtney because of his race, African American.

40. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's legally protected rights under Section 1981.

41. Courtney has suffered damages as a result of this unlawful conduct.

### COUNT IV – 42 U.S.C. § 1981- RETALIATION

42. Plaintiff hereby incorporates paragraphs one (1) through forty-one (41) of his Complaint herein.

43. Courtney engaged in protected activity under Section 1981.

44. Defendant terminated the employment of Courtney in retaliation for his protected activity.

45. Defendant's actions were intentional, willful, and done in reckless disregard of Plaintiff's rights.

46. Plaintiff has suffered damages as a result of Defendant's unlawful conduct.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Anthony J. Courtney, by counsel, requests that this Court find for him and Order that:

1. Defendant reinstate Plaintiff;

2. Defendant pay to Plaintiff all of his lost wages and benefits;

3. Defendant pay to Plaintiff compensatory and emotional pain and suffering damages;

4. Defendant pay to Plaintiff punitive damages;

5. Defendant pay Plaintiff any additional lost wages, bonuses, compensation, tax offset monies, benefits, and monetary loss suffered as a result of Defendant's unlawful actions;

6. Defendant pay to Plaintiff pre- and post- judgment interest;

7. Defendant pay Plaintiff's reasonable costs and attorney fees incurred in litigating this; and,

8. Defendant pay to Plaintiff any and all other damages and/or relief deemed appropriate and just by this Court, including equitable and legal relief.

Respectfully submitted,

 s/ Ryan P. Sink
Ryan P. Sink (27350-29)
FOX & SINK, LLC
6177 North College Avenue
Indianapolis, IN 46220

rsink@foxsinklaw.com
Telephone: 317-254-8500

**DEMAND FOR JURY TRIAL**

The Plaintiff, Anthony J. Courtney, by counsel, respectfully requests a jury trial as to all issues deemed triable.

s/ Ryan P.Sink
Ryan P. Sink